UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH W. FINFROCK,

                Petitioner,

vs.                              Case No. 2:10-cv-150-FtM-36DNF

CHARLIE CRIST, GEORGE H. SHELDON, TIMOTHY BUDZ, FLORIDA ATTORNEY GENERAL, DR. HERMAN, DR. EMANOILIDIS, N. JOHNSON, NATASHA HAYNES,

                Respondents.
_____/

**ORDER OF DISMISSAL**

I.

This matter comes before the Court upon review of the file. Petitioner initiated this action by filing a "Petition for Writ of Habeas Corpus 28 U.S.C. § 2254" (Doc. #1, Petition) as a civil detainee at the Florida Civil Commitment Center (hereinafter "FCCC") on March 8, 2010. Finding that Petitioner is not entitled to relief, the Court did not issue an order directing a response from Respondents. 28 U.S.C. § 2243.

II.

The gravamen of the Petition concerns Petitioner's detention in "secured management" at the FCCC after FCCC staff found Petitioner with pornography on his "jump drive." It appears that Petitioner was also charged with battery on FCCC staff during this incident, was subsequently transported to the DeSoto County Jail,

and is facing criminal prosecution on the battery charges. Petition at 9-11. Other allegations in the Petition cover an array of topics ranging from Petitioner's conditions of confinement while being held in secured management to missing personal property. *See generally Id.* Similar to the allegations, Petitioner requests an array of relief, including, dismissal of Petitioner's pending criminal charges related to the aforementioned battery and release from "his illegal detention." *Id.* at 13. For the reasons discussed herein, the Court finds the Petition is moot.

III.

"If a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it. [ ] Mootness can occur due to a change in circumstances, or . . . a change in the law." *Seay Outdoor Adver., Inc. v. City of Mary Esther, Florida*, 397 F.3d 943, 946 (11th Cir. 2005) (internal citations omitted); *Troiano v. Supervisor of Elections in Palm Beach County, Florida*, 382 F.3d 1276, 1281 (11th Cir. 2004). A case is moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a court decision could no longer provide meaningful relief to a party. *Troiano*, 382 F.3d at 1281-82. Whether a case is moot is a question of law. *Troiano*, 382 F.3d at 1282.

This case is moot due to a change in circumstances. To the extent Petitioner initiated a habeas corpus petition seeking

release from secured management at the FCCC, his action is moot because he is no longer detained in secured management at FCCC. Indeed, Petitioner is no longer confined at the FCCC. On March 11, 2010, Petitioner was transferred from the FCCC to the DeSoto County Jail.[1]

Further, to the extent Petitioner challenges his conditions of confinement at the FCCC in his Petition, these claims must be dismissed.  "[H]abeas corpus is the exclusive remedy for a . . . prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."  *Bradley v. Pryor*, 305 F.3d 1287, (11th Cir. 2002)(quoting *Preiser v. Rodriquez*, 411 U.S. 475 (1973)).

IV.

Also pending before the Court is Petitioner's Motion for a Preliminary Injunction and Appointment of Counsel (Doc. #3, Motion).  The Court denies this motion.

The Eleventh Circuit states that issuance of a "preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries the burden of persuasion on each of [four] prerequisites." *Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166 (11th Cir. 2001); *Four*

---

[1]From February 1, 2007 until March 11, 2010, Petitioner was civilly detained at the FCCC.  Petitioner is currently confined at the DeSoto County Jail pursuant to criminal charges arising from an incident that occurred while detained at the FCCC.

*Seasons Hotels & Resorts, B.V. v. Consoricio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). The four factors Petitioner must establish are: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury if the injunction is not granted; (iii) the injury outweighs the opposing parties' potential injury if relief is not granted; and (iv) the injunction would not do disservice to the public interest. *Four Seasons Hotels & Resorts*, 320 F.3d at 1210; *Suntrust Bank*, 252 F.3d at 1166; *Am. Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir. 1998); *see also* Fed. R. Civ. P. 65(b), Local Rule 4.05.

Petitioner has failed to satisfy the requisite burden of proof to support the issuance of a preliminary injunction and fails to address all four factors needed to warrant the issuance of a preliminary injunction as required by Local Rule 4.05 (b)(4). *Wall v. Ferrero*, 142 Fed. Appx. 405 (11th Cir. 2005). In particular, given that this action is dismissed as moot, Petitioner cannot demonstrate a likelihood of success on the merits. Therefore, the Court denies Petitioner's Motion Requesting a Preliminary Injunction.

Lastly, Petitioner requests that the Court appoint him counsel in this matter. *See generally* Motion. Petitioner submits that he "is unskilled in the issues of law and proper format, and requests the District Court to [sic] appoint him counsel to represent him

before this Court so his civil and constitutional rights are not violated any further, and the issues raised are of material facts that counsel is required." Motion at 1. Notably Petitioner does not allege that he is without counsel for his pending criminal charges.

"A plaintiff in a civil case has no constitutional right to counsel. A court may, however, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff. The district court has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Although there is no comprehensive definition for what constitutes "exceptional circumstances," the Court should consider the following factors: (1) the type and complexity of the case; (2) the abilities of the individual bringing it; (3) whether the individual is in the position to adequately investigate his case; and (4) whether the evidence will consist mostly of conflicting testimony so as to require skill in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the [C]ourt. Where the facts and issues are simple, he or she usually will not need such help." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

Petitioner has not satisfied any of the elements to necessitate the appointment of counsel. Petitioner is no stranger to the federal courts having filed approximately twenty-three civil actions. Liberally construing the Petition, the Court, nevertheless, finds it subject to dismissal. *Williams v. Griswald*, 743 F.2d 1533, 1543 (11th Cir. 1984). Therefore, the Court denies Petitioner's Motion requesting the appointment of counsel.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED** as moot.

2. Petitioner's motion for leave to proceed *in forma pauperis* (Doc. #2) is **DENIED.**

3. Petitioner's motion for a preliminary injunction (Doc. #3) is **DENIED.**

4. Petitioner's motion for appointment of counsel (Doc. #3) is **DENIED.**

5. The Clerk of Court shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this 13th day of August, 2010.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

SA: alj

Copies: All Parties of Record

SA: alj

Copies: All Parties of Record